**UNITED STATES of America,**

v.

**Kyree THOMPSON, Appellant.**

**No. 01–3893.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 9, 2002.

Decided Sept. 17, 2002.

District Judge: Hon. James F. McClure, Jr.

Before SLOVITER, RENDELL, and FUENTES, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Appellant Kyree Thompson appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his motion to withdraw his guilty plea. We will affirm.

Thompson was charged in the second superseding indictment with two counts. Count One charged that he and his co-defendants had conspired to possess with intent to distribute in excess of fifty (50) grams of crack cocaine in violation of 21 U.S.C. § 846 (2002); Count Two charged that he possessed with intent to distribute in excess of five (5) grams of crack cocaine and aided and abetted same in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2 (2002). On October 29, 1999, pursuant to a written agreement with the government, he withdrew his plea of not guilty and pled guilty to Count Two.

Thereafter, the presentence report was prepared and noted that Thompson was a career offender, that his adjusted sentencing guideline level, including a three-level downward adjustment for acceptance of responsibility, was 31, and that he might receive a downward departure motion from the government for substantial assistance. Sometime after Thompson received the presentence report, he filed a pro se motion to withdraw his guilty plea, which the District Court denied without prejudice to refiling when counsel was obtained.

Following a hearing, Thompson's retained counsel was relieved and new counsel was appointed. Thompson, this time with counsel, filed another motion to with-

draw his guilty plea. The District Court denied the motion and, taking into account the government's motion filed pursuant to U.S.S.G. § 5K1.1 for a downward departure of six levels for substantial cooperation, sentenced Thompson to a term of imprisonment of 140 months, four years supervised release and a $100 special assessment.

Because the parties are fully aware of the facts, we include only those that are necessary to our discussion. The District Court's order denying Thompson's motion to withdraw the guilty plea contains all of the necessary background facts and the basis on which the District Court denied the motion. Thompson argued his actual innocence before the District Court as a basis for the withdrawal of the guilty plea. The District Court noted that under our case law, "[b]ald assertions of innocence ... are insufficient to permit a defendant to withdraw [a] guilty plea." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir.2001). The court noted that Thompson neither argued nor presented any evidence that he did not possess with intent to distribute in excess of five grams of crack cocaine or aid and abet the same. Thompson acknowledges that he argued his innocence as a basis for his motion in the District Court, but that is not a ground on which he urges reversal of the order denying his motion.

Thompson's second ground raised in the District Court for withdrawal of his guilty plea was his unhappiness with trial counsel's services and his failure to understand the plea agreement. The District Court reviewed in detail the record of the guilty plea proceedings and concluded that this was not a persuasive reason for the withdrawal of the plea. Indeed, examination of the colloquy between Thompson and the District Court demonstrates the meticulous examination by the District Court to assure that the defendant understood ev-ery aspect of the consequences of the guilty plea and the plea bargain. We have no basis to disagree with the District Court's conclusion that Thompson failed to cite sufficient grounds for permitting the withdrawal of his plea.

On appeal, Thompson limits his claim of error to the District Court's failure to hold an evidentiary hearing on his motion to withdraw his guilty plea. However, we agree with the Court of Appeals for the Eighth Circuit that a court reviewing a motion to withdraw a guilty plea "need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *United States v. Thompson*, 906 F.2d 1292, 1299 (8th Cir.1990). A court is authorized to permit a guilty plea to be withdrawn "if the defendant shows any fair and just reason." Fed.R.Crim.P. 32(e). As we have stated, "[t]here is no absolute right to withdraw a guilty plea, and the right to do so is within the sound discretion of the trial court." *Gov't of V.I. v. Berry*, 631 F.2d 214, 220 (3d Cir.1980) (quotation omitted). Thompson has failed to show any reason for the trial court to have held a hearing as the record was clear that he was not innocent of the charge. The District Court did not abuse its discretion in failing to conduct an evidentiary hearing.

For the foregoing reasons, we will affirm the order of the District Court denying Thompson's motion to withdraw his guilty plea and will affirm the judgment of conviction and sentence.