

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2008

# USA v. Kyree Thompson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kyree Thompson" (2008). *2008 Decisions.* Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-274                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2485
_____

UNITED STATES OF AMERICA

v.

KYREE THOMPSON,
                                Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 99-00089)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
August 14, 2008
Before:  AMBRO, FUENTES and JORDAN,  Circuit Judges

(filed: August 28, 2008 )
_____

OPINION
_____

PER CURIAM

    Kyree Thompson, a prisoner incarcerated at FCI-Fairton in Fairton, New Jersey,

appeals an order of the United States District Court for the Middle District of

1

Pennsylvania denying his pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

On October 15, 2001, Thompson pled guilty in the United States District Court for the Middle District of Pennsylvania to possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), as well as aiding and abetting, in violation of 18 U.S.C. § 2. After determining that Thompson was a career offender under U.S.S.G. § 4B1.1 and considering the government's motion under U.S.S.G. § 5K1.1, the District Court sentenced Thompson to a term of 140 months of imprisonment.[1]

On November 1, 2007, the United States Sentencing Commission amended the sentencing guidelines pertaining to cocaine base ("crack") offenses and generally lowered the penalties for these offenses. See U.S.S.G. § 2D1.1. On February 29, 2008, Chief Judge Kane of the Middle District of Pennsylvania issued a Standing Order regarding the appointment of counsel in proceedings related to this amendment.

On March 5, 2008, Thompson filed a motion to reduce his sentence in light of these amendments. This motion consisted of a one-page, handwritten document in which Thompson requested counsel and alluded to the crack-cocaine amendments. Although Thompson did not explicitly invoke 18 U.S.C. § 3582(c)(2), the District Court construed

---

[1]Thompson unsuccessfully sought to withdraw his guilty plea in the District Court. He appealed, and we affirmed. United States v. Thompson, 48 Fed. Appx. 24 (3d Cir. Sept. 17, 2002).

the motion as arising under this provision, which authorizes District Courts to modify sentences when "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission...." Pursuant to the Standing Order, the District Court appointed a Federal Public Defender ("FPD") to represent Thompson. On March 7, 2008, the FPD filed a motion to withdraw as counsel on the basis that Thompson was not eligible for a sentence reduction because he had not been sentenced pursuant to § 2D1.1, the amended provision. The District Court reviewed the record and determined that Thompson had been sentenced as a career offender, and that the crack-cocaine amendments did not affect his sentence. Accordingly, the District Court granted the FPD's motion to withdraw and denied Thompson's motion in an order dated March 19, 2008.

Instead of appealing that order, Thompson renewed his motion. In his new motion, Thompson explicitly invoked 18 U.S.C. § 3582 and included detailed arguments regarding the basis for his entitlement to a new sentencing hearing. The District Court construed the renewed motion as a motion for reconsideration of its March 19, 2008 order and denied that motion as untimely under Fed. R. App. P. 4(b), in an order filed April 10, 2008. After the 10-day period to appeal expired, Thompson sent a letter to the court indicating that his former attorney had not informed him of his right to appeal the denial of relief under § 3582. Under Rule 4(b)(4), Fed. R. App. P., the District Court determined that Thompson had shown good cause for his failure to file a timely appeal.

3

Therefore, the District Court re-opened the period in which Thompson could appeal, and Thompson timely appealed from the District Court's April 10, 2008 order.[2]

We agree that, under the circumstances, Thompson is not eligible for a sentence reduction as a result of the amendments to § 2D1.1. Thompson pled guilty to possession with the intent to distribute in excess of 5 grams of cocaine base, in violation of 21 U.S.C. § 841(A)(1). The maximum period of incarceration for this offense is 40 years. Under § 4B1.1(b)(B), a career offender who has committed an offense with a statutory maximum of 25 or more years of imprisonment has a base offense level of 34 and a criminal history level of VI. Because Thompson was a career offender, his base offense level was 34 and his criminal history level was VI, as dictated by § 4B1.1. The amendment to § 2D1.1 played no role in determining the recommended guideline range for his sentence.

As this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. To the extent that appellant seeks summary reversal, his motion is denied.

---

[2]In light of Thompson's failure to timely appeal from the District Court's March 19, 2008 order, we lack authority to review that order. However, we have authority to review the District Court's April 10, 2008 order.

4